NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIA PERINO, | |
| Plaintiff, | Case No. 2:15-cv-01063 (SDW) (SCM) |
| v. | **OPINION** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION as trustee for FANNIE MAE REMIC TRUST 2006-90; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; and Does 1 THROUGH 10, INCLUSIVE, | August 11, 2015 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss filed by Bank of America, N.A. ("BANA"), Federal National Mortgage Association as Trustee for Fannie Mae REMIC Trust 2006-90 ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Defendants seek to dismiss *pro se* plaintiff Lucia Perino's ("Plaintiff") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b). This decision is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, this Court **GRANTS** Defendants' Motion to Dismiss.

**BACKGROUND**

On July 25, 2006, Plaintiff executed a Note to Countrywide Home Loans, Inc. ("Countrywide" or "Lender") and a Mortgage (together with the Note, the "Loan") naming MERS as mortgagee in its capacity as nominee for Countrywide[1] for the property at 239 Johnson Avenue #6, Hackensack, New Jersey 07601 (the "Property"). (Compl. ¶¶ 1, 29-30; Defs.' Mot. to Dismiss Exs. A and B.) Countrywide endorsed the Note in blank. (Defs.' Mot. to Dismiss, Ex. A.) Then, on August 6, 2010, MERS sold the Mortgage to BAC Home Loans Servicing, L.P. F/K/A Countrywide Home Loans Servicing, L.P. (herein referred to as "BANA"[2]). (Defs.' Mot. to Dismiss Ex. C.)

Plaintiff alleges that Defendants are not holders in due course of the Note. (Compl. ¶ 39.) Further, Plaintiff alleges that Defendants are not beneficiaries under the Mortgage and that Defendants had no right to declare a default on the Loan and no right to foreclose on the Property. (*Id.*)

On October 28, 2010, BANA filed a foreclosure complaint against Perino, MERS as Nominee for Countrywide Home Loans, Inc., and Grand Manor Condominium Association. (Defs.' Mot. to Dismiss, 2.) On July 28, 2014, the Superior Court of New Jersey, Chancery Division, Bergen County, No. F-051265-10, entered a final judgment against the state defendants and in favor of BANA, foreclosing on the Property. (Defs.' Mot. to Dismiss Ex. D.) In state court, Perino did not file an answer to, or contest, the foreclosure complaint. (Defs.' Mot. to Dismiss, 2.)

On February 9, 2015, Plaintiff filed the instant Complaint in this Court. (Dkt. No. 1.) The

---

[1] MERS maintains a private electronic registration system for tracking ownership of mortgage-related debt. As a "nominee" MERS can take actions required of the Lender concerning the property and mortgage. *See generally Montgomery County, Pa. v. MERSCORP, Inc.*, 16 F.Supp.3d 542 (E.D.Pa. 2014).
[2] Bank of America, N.A. ("BANA") is a successor by merger to BAC Home Loans Servicing, L.P. F/K/A Countrywide Home Loans Servicing, L.P. (Defs.' Mot. to Dismiss, 2.)

Complaint includes the following thirteen causes of action: declaratory relief (Count I); injunctive relief (Count II); quiet title (Count III); negligence per se (Count IV); accounting (Count V); breach of the covenant of good faith and fair dealing (Count VI); breach of fiduciary duty (Count VII); wrongful foreclosure (Count VIII); violation of the Real Estate Settlement Procedures Act ("RESPA") (Count IX); violation of the Home Ownership Equity Protection Act ("HOEPA") (Count X); fraud in the concealment (Count XI); intentional infliction of emotional distress (Count XII); and slander of title (Count XIII). (Compl. ¶¶ 127-247.) On March 9, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 5.) On April 10, 2015, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss. (Dkt. No. 8.) On April 15, 2015, Defendants filed a letter regarding *pro se* Plaintiff's untimely Opposition.[3] (Dkt. No. 9.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2), governing the adequacy of pleadings, requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "'requires a showing, rather than a blanket assertion, of entitlement to relief'" (quoting *Twombly*, 550 U.S. at 555 n. 3) (internal quotation marks omitted)).

A court considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

---

[3] Although untimely, this Court did review the *pro se* Plaintiff's Opposition.

may be entitled to relief.'" *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "'that the pleader is entitled to relief'." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Fowler v. UPMC Shadyside*, the Third Circuit directed district courts to conduct a two-part analysis of complaints. 578 F.3d 203, 210-11 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions, accepting well-pled facts as true and disregarding legal conclusions. *Id.* Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 566 U.S. at 679).

**DISCUSSION**

**A. Res Judicata**

Res judicata is the common law doctrine "barring relitigation of claims or issues that have already been adjudicated."[4] *Velasquez v. Franz*, 123 N.J. 498, 505 (1991). The doctrine "advances the goals of fairness, efficiency, and finality." *Watkins v. Resorts Int'l Hotel & Casino*, 124 N.J. 398, 412 (1991). Res judicata applies when there has been "(1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009). In

---

[4] Res judicata is also referred to as claim preclusion.

4

other words, res judicata "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

In this case, res judicata bars all of Plaintiff's claims. First, there is a final state-court judgment on the merits from a prior action. (Defs.' Mot. to Dismiss, Ex. D.) Second, the same parties and their privies in this action overlap with the parties involved in the prior state-court action. (*See generally* Defs.' Mot. to Dismiss.) Specifically, BANA, Perino, MERS, as nominee for Countrywide Home Loans, Inc., and Grand Manor Condominium Association were parties in the prior suit. (Defs.' Mot. to Dismiss, Ex. D.) Although Fannie Mae is a party to this federal action but was not named in the state action, Fannie Mae is in privity with BANA as the investor on the Loan. (*See* Compl. ¶ 31; Defs.' Mot. to Dismiss, 2.) Therefore, the parties in the instant matter were the same parties[5] in the prior suit. Third, this suit is based on the same cause of action that was at issue in the prior suit, specifically the foreclosure of Plaintiff's Mortgage. (Defs.' Mot. to Dismiss, Ex. D.) Thus, res judicata bars all of Plaintiff's claims that are before this Court.

**B. The New Jersey Entire Controversy Doctrine**

The New Jersey Entire Controversy Doctrine also bars Plaintiff's claims. "The entire controversy doctrine 'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court . . . .'" *Arab African Intern. Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir. 1993) (quoting *Cogdell v. Hospital Center at Orange*, 116 N.J. 7, 15 (1989)). The doctrine "requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 135 (3d Cir. 1999). Similar to res judicata, the entire controversy doctrine is an affirmative defense, and it applies in federal courts

---

[5] The same party or those in privity with the same parties as the state action are named here.

"when there was a previous state-court action involving the same transaction." *Bennun v. Rutgers State University*, 941 F.2d 154, 163 (3d Cir. 1991); *see also Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) ("The Entire Controversy Doctrine is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles."). Further, the doctrine explicitly applies in foreclosure actions to the extent that the counterclaims and cross-claims are germane to the foreclosure proceeding. New Jersey R. 4:64-5; *In re Mullarkey*, 536 F.3d 215, 228-29 (3d Cir. 2008). Germane claims to a foreclosure action include claims "arising out of the mortgage transaction." *Mullarkey*, 536 F.3d at 229 (internal quotation marks omitted).

Here, all of Plaintiff's claims arise out of the same mortgage transaction that was the subject matter of the state foreclosure action. (*See* Compl. ¶¶ 127-247.) Plaintiff's claims could have been asserted in the state foreclosure action rather than in a separate action in this Court. Therefore, Plaintiff's claims can also be dismissed under the New Jersey Entire Controversy Doctrine.[6]

**C. Statutes of Limitations**

Additionally, even if not precluded under res judicata or the Entire Controversy Doctrine, Plaintiff's statutory claims and those claims related to fraud are time-barred. RESPA (Count IX) has a three-year statute of limitations for violations alleged to have occurred under Section 2605.[7] *See* 12 U.S.C. §§ 2614, 2605. As Plaintiff executed her Loan on July 25, 2006, and filed her

---

[6] To the extent that Plaintiff's claims ask this Court to redress an injury caused by the state-court judgment, the Rooker–Feldman Doctrine bars Plaintiff's claims. *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152-53 (3d Cir. 2008). The Rooker–Feldman Doctrine prohibits lower federal courts "'from exercising appellate jurisdiction over final state-court judgments.'" *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (internal citation omitted).

[7] RESPA regulates settlement procedures to minimize difficulty for individuals to become homeowners. Real Estate Settlement Procedures Act, 88 Stat. § 1724 (1974).

Complaint in this Court on February 9, 2015, more than eight and a half years after the Loan originated, Plaintiff's RESPA claim is time-barred.

Under HOEPA[8] (Count X) a one-year statute of limitations applies for monetary damages. *See* 15 U.S.C. § 1640(e), 1635(f). To the extent that Plaintiff seeks a claim for rescission under HOEPA, a three-year statute of limitations applies. 15 U.S.C. § 1635(f). Thus, it follows that Plaintiff's HOEPA claim is also time-barred.

Plaintiff's claim for fraud (Count XI) is also time-barred. *See* N.J.S.A. 2A:14-1. In New Jersey, the statute of limitations for fraud claims is six years. *Id.* Here, Plaintiff filed her Complaint more than eight and a half years after the Loan originated. Plaintiff also fails to plead fraud claims with heightened specificity as required under Federal Rule of Civil Procedure 9(b).[9]

**CONCLUSION**

For the reasons set forth above, it is **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:  Clerk
cc:    Magistrate Judge Steven C. Mannion
       Parties

---

[8] HOEPA was enacted to address concerns regarding targeting for credit on unfair terms and loan transactions. *See* 15 U.S.C. §§ 1640(e).

[9] If the Plaintiff's remaining claims against Defendants were not barred for the aforementioned reasons, Plaintiff also fails to specify facts or state claims for which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to the individual allegations. Additionally, Plaintiff cannot sustain Count V for accounting, Count VIII for wrongful foreclosure or Count XIII for slander of title under New Jersey law.